# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1347-18

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAHMEZ R. WALKER,

      Defendant-Appellant.

_____

Submitted November 4, 2021 – Decided November 17, 2021

Before Judges Alvarez and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Nos. 13-07-0651 and 14-10-0912.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jahmez Walker appeals from the September 4, 2018 Law Division order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

In two separate indictments, Passaic County grand juries charged defendant with, among other offenses, fourth-degree criminal sexual contact, N.J.S.A. 2C:14-2(c), and second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4). On April 23, 2015, defendant pled guilty in return for the State's agreement to recommend that he be sentenced to time served, parole supervision for life, and mandatory Megan's Law registration requirements.

At the plea hearing, defendant provided a factual basis to the charge of fourth-degree criminal sexual contact, admitting he touched the breasts of a fifteen-year-old girl against her will for his own sexual gratification. Defendant also testified that he was guilty of second-degree criminal assault because he had intercourse with a fourteen-year-old girl at a time when he was almost nineteen years old.

During his plea colloquy, defendant further testified that he: understood the nature of the charges against him; was pleading guilty because he was guilty; wished to waive his right to a trial; was satisfied with the services of his attorney; and had enough time to confer with his attorney.

A-1347-18

Thereafter, the trial judge sentenced defendant in accordance with the terms of his negotiated plea agreement to time served,[1] parole supervision for life, and mandatory Megan's Law registration requirements. The judge also advised defendant that he had forty-five days to appeal his conviction and sentence, and five years to file a petition for PCR.

Defendant did not file a direct appeal. However, he filed a timely petition for PCR on September 29, 2017. In an affidavit accompanying his petition, defendant alleged his trial counsel was ineffective because the attorney forced

---

[1] We note that the trial judge imposed a time-served sentence on defendant for the charge of second-degree sexual assault charge under N.J.S.A. 2C:14-2(c)(4). This sentence was not in accord with the Criminal Code. At the time of sentencing, defendant had 628 days of jail credit for this offense. However, N.J.S.A. 2C:43-6(a)(2) states that "a person who has been convicted of a [second-degree] crime may be sentenced . . . for a specific term which shall be fixed by the court and shall be between five years and [ten] years[.]" Although N.J.S.A. 2C:44-1(f)(2) states that a judge may sentence a person convicted of a second-degree offense "to a term appropriate to a crime of one degree lower than that for which the defendant was convicted[,]" that exception only applies if the judge "is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands[.]" Here, the judge did not make these required findings and, in any event, the sentence for a third-degree offense "shall be between three years and five years[.]" N.J.S.A. 2C:43-6(a)(3). Thus, the time-served sentence of 628 days was improper. However, we further note that defendant has served the custodial portion of his sentence and the parties have not challenged the sentence on appeal. Under these circumstances, we take no action concerning the length of the custodial sentence, but remind trial courts, prosecutors, and defense counsel of the need in future cases to structure plea agreements that meet the requirements of the Criminal Code.

defendant to accept the plea without advising him of the "personal consequences." Subsequently, defendant certified his attorney did not: provide him with all of the discovery in the file; "discuss [the] case in detail with [him]"; or "properly advise[ him] as to the plea itself."

The trial judge conducted an evidentiary hearing on defendant's petition. Defendant did not testify at the hearing and stated during a voir dire by his PCR attorney that he wished to rely on the allegations he raised in his certification.

The State called defendant's trial attorney, Michael J. Montanari, Esq., who refuted defendant's claim that he never provided discovery by producing a copy of a letter he sent to defendant forwarding the discovery materials to him. Montanari also submitted letters he sent to the jail scheduling at least two appointments to meet with defendant in order to discuss the case. Montanari testified he likely met with defendant on additional occasions when he was at the jail to speak to other clients.

Montanari reviewed the completed plea form with defendant, and denied the claim he forced defendant to agree to the plea. Montanari testified he did not remember all of the "specifics about the facts of the case[,]" and did not recall whether there was any DNA evidence in the file. However, Montanari stated he had never refused a client's request to take a case to trial.

4

Following the hearing, the judge rendered a written decision denying defendant's petition for PCR. Based upon Montanari's credible testimony, the judge found that Montanari "provided more than sufficient legal assistance [to defendant] in this case." The judge explained:

> Defense counsel met with [defendant] multiple times and followed his normal practice of sharing discovery with criminal defendant clients. Counsel also negotiated a favorable deal for [defendant] who was facing a potential sentence of eleven and a half years of incarceration and $25,000 in fines. Additionally, [defendant's] argument that he was not advised of the consequences of accepting the plea agreement are belied by the plea form he went over with . . . Montanari and his statements made on the record. Defense counsel and this court explained the exposure and consequences of the plea agreement to which [defendant] responded that he understood.[] Additionally, the consequences of taking a plea were outlined on the plea form[] [and defendant] acknowledged he went over each and every question on the plea form with his attorney.

On appeal, defendant raises the following contention:

POINT ONE

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] AS ADDITIONAL TESTIMONY IS NEEDED REGARDING MANY OF THE ISSUES RAISED, SUCH AS THE SUBSTANCE OF THE LEGAL ADVICE GIVEN TO [DEFENDANT], SPECIFICALLY REGARDING HIS UNDERSTANDING OF THE PENAL

5

CONSEQUENCES OF HIS GUILTY PLEA, AND WHAT DISCOVERY WAS MISSING AND ON WHAT INDICTMENT. TESTIMONY IS ALSO NEEDED REGARDING HOW [DEFENDANT] FELT PRESSURED TO PLEAD GUILTY. (NOT RAISED BELOW).

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant must show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of this test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Fritz, 105 N.J. at 58 (quoting Strickland, 446 U.S. at 687). Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid.

6

(quoting Strickland, 466 U.S. at 687).  That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 60-61 (quoting Strickland, 446 U.S. at 694).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 446 U.S. at 690.  Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, a defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his trial attorney.  Strickland, 466 U.S. at 694.

Where, as here, the judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "'so long as those findings are supported by sufficient credible evidence in the record.'"  State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)).  Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy."  Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15).

On appeal, defendant argues he should be given another opportunity to demonstrate the validity of his claims at a new hearing. However, he provides no basis for granting him a second bite at the proverbial apple.

As stated above, the burden of proof in a PCR proceeding rests upon defendant. Here, defendant presented a certification in support of his claims but refused the opportunity to expand upon his allegations at the evidentiary hearing.

Montanari produced documentation that he sent all the discovery in the file to defendant, and met with him on at least two occasions at the jail. Montanari reviewed the plea form with defendant and explained it to him. Contrary to his present claims, defendant testified at the plea hearing that he understood the nature of the charges he faced, conferred with Montanari, and wished to waive his right to trial. He also provided a factual basis for each offense.

Under these circumstances, defendant's claims are mere "bald assertions" that the trial judge properly found insufficient to satisfy defendant's burden of proof. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (holding that the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel.").

A-1347-18

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1347-18